UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY WINTER,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.
DELAWARE and UNITED PARCEL
SERVICE, INC. OHIO,

    Defendants.

_____/

Case No. 14-10555

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MICHAEL HLUCHANIUK

**ORDER PARTIALLY GRANTING AND PARTIALLY DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS [18]**

Plaintiff brings claims against Defendants for fraudulent and innocent misrepresentation, alleging that agents of Defendants induced him to accept a supervisor position by misrepresenting the retirement benefits he would receive if he accepted the position. Defendants argue that Plaintiff's claims should be dismissed because they are preempted by the Employee Retirement Income Security Act (ERISA) and because they fail to state a claim on the merits.

1

For the reasons stated below, Defendants' Motion to Dismiss [18] is **GRANTED** as to all counts, except the claims for rescission, on which it is **DENIED WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

Plaintiff's allegations, which are to be assumed true on this Motion to Dismiss, are as follows. Plaintiff works for Defendant UPS Delaware and/or Defendant UPS Ohio. Plaintiff initially worked as a driver for many years and received benefits under an ERISA plan called the UPS/IBT Full-Time Pension Plan (the Driver Plan). In February 2008, several UPS managers approached Plaintiff and offered him a supervisor position. The managers told Plaintiff that as a supervisor, he would receive a much more generous pension under the UPS Retirement Plan (the Supervisor Plan). One of the managers told Plaintiff that because Plaintiff had been hired before 2008, he would be eligible to have his retirement benefits calculated with the Final Average Compensation (FAC) formula. Relying on the managers' representations, Plaintiff accepted the supervisor position.

When Plaintiff was working as a supervisor, UPS told him that he was actually ineligible to have his benefits calculated under the FAC formula because he had not been made a supervisor before 2008. Plaintiff's benefits have been calculated under the Portable Account Formula (PAF) instead. Plaintiff's benefits under the PAF formula are lower than they would have been under the FAC formula or under the

2

Driver Plan. However, Defendants allege that Plaintiff's promotion to supervisor carried other economic rewards. Plaintiff does not dispute this and wants to remain a supervisor.

Plaintiff filed his Complaint [1] on February 6, 2014. Defendants filed the instant Motion to Dismiss [18] on May 15, 2014. On June 19, 2014, Plaintiff filed a Corrected Response [34], to which Defendants filed a Reply [36] on June 23, 2014. With the Court's permission, Plaintiff filed a Supplemental Response [42] on February 26, 2015. On March 30, 2015, the Court held a hearing on Defendants' Motion to Dismiss [18], which the Court took under advisement.

## ANALYSIS

Defendants have moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), which authorizes dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) challenge, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

### I.   Failure to State a Claim on the Merits

Defendants argue that Plaintiff's claims for fraudulent and innocent misrepresentation fail to state a claim on which relief can be granted. Defendants correctly note that under Michigan law, a misrepresentation claim generally must be

3

based on statements of past or existing fact, rather than on promises of future conduct. *Derderian v. Genesys Health Care Systems*, 263 Mich. App. 364, 378-79 (Ct. App. Mich. 2004) (citing *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (Mich. 1976)). Defendants argue that the recruiting managers' alleged misrepresentations were future promises (i.e., promises that Defendants would provide Plaintiff benefits under the FAC formula if he accepted the supervisor position). However, the alleged misrepresentations were not future promises, but instead were statements of existing fact: namely, statements of the then-existing terms of the Supervisor Plan. It is irrelevant that those terms could apply to Plaintiff only in the future. *See Crook v. Ford*, 249 Mich. 500, 504-05 (Mich. 1930) ("[T]he mere fact that statements relate to the future will not preclude liability for fraud if the statements were intended to be, and were accepted, as representations of fact, and involved matters peculiarly within the knowledge of the speaker."). Defendants' "future promise" argument fails.

Defendants also attempt to recast Plaintiff's misrepresentation claims as a claim to estop Defendants from applying the Supervisor Plan to Plaintiff. They proceed to cite an en banc decision of the Sixth Circuit acknowledging that reliance on misrepresentations must be reasonable or justifiable to support estoppel, and stating that "reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the

4

party." *Sprague v. General Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998) (en banc). They argue that Plaintiff's claims fail under *Sprague* because the alleged misrepresentations were at odds with the written terms of the Supervisor Plan.

Reasonable reliance is an essential element of a misrepresentation claim under Michigan law. *MacDonald v. Thomas M. Cooley Law School*, 724 F.3d 654, 663 (6th Cir. 2013) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Ct. App. Mich. 1999)). However, Defendant's authority on reasonable reliance concerns misrepresentations that conflict with written terms in documents "available to or furnished to the party." *Sprague*, 133 F.3d at 404; *see also MacDonald*, 724 F.3d at 665 ("Unreasonable reliance includes relying on an alleged misrepresentation that was expressly contradicted in a written contract that a plaintiff *reviewed and signed*.") (citing *Novak,* 599 N.W.2d at 553–54) (emphasis added). Here, Plaintiff asserts that he had no access to the written plan terms when he relied on the recruiting managers' representations. Accepting this factual allegation as true, as the Court must, the Court declines to hold Plaintiff's reliance on the misrepresentations unreasonable as a matter of law. Defendants thus have not demonstrated that Plaintiff has failed to state a claim upon which relief can be granted.

**II.    Preemption**

Defendants argue that Plaintiff's claims are preempted by ERISA. Plaintiff anticipated this challenge and, according to Plaintiff's counsel, modeled his complaint

5

off of the complaint in *Thurman v. Pfizer, Inc.*, 484 F.3d 855 (6th Cir. 2007). Plaintiff argues that under *Thurman*, his claims are not preempted to the extent that he seeks "reliance damages" and rescission of his participation in the Supervisor Plan. The Sixth Circuit in *Thurman* separately addressed two statutory sources of ERISA preemption, which the Court will address in turn.

### A.     29 U.S.C. § 1132

29 U.S.C. § 1132 authorizes participants or beneficiaries of ERISA plans to sue to recover wrongfully withheld benefits or to challenge breaches of fiduciary duty. A plaintiff's cause of action is preempted by § 1132 if it could have been brought under § 1132 and the defendant's actions implicate no independent legal duty. *Thurman*, 484 F.3d at 860 (quoting *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004)). A defendant's actions implicate an independent legal duty if a plaintiff could sue for the alleged breach "even if the [defendant] had never sponsored an ERISA-covered plan." *Briscoe v. Fine*, 444 F.3d 478, 500 (6th Cir. 2006) (denying preemption defense on a claim that defendants violated their duty to disclose the financial condition of the company that sponsored the plan).

Defendants argue that Plaintiff's misrepresentation claims are preempted because they could have been brought as a § 1132 claim for breach of fiduciary duty and they implicate no independent legal duty. Defendants rely primarily on *Briscoe*, which held a "state-law cause of action for failing to disclose the financial condition

6

of the plan" preempted by ERISA because "any obligation that the defendants may have had to provide such information stem[med] from the plan and not from an independent legal duty." 444 F.3d at 499-500. Plaintiff, on the other hand, analogizes this case to *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609 (6th Cir. 2013). The Sixth Circuit in *Gardner* held that a claim for tortious interference with contract under Michigan law implicated an independent legal duty, reasoning that the defendant's duty not to interfere with the contract was "not derived from, or conditioned upon, the terms of the [plan]" and "[n]obody need[ed] to interpret the plan to determine whether that duty exists." 715 F.3d at 614.

Plaintiff's analogy is more apt. Plaintiff's claims are not premised in a duty to disclose the financial condition of an ERISA plan. Instead, they are premised on Defendants' duty to refrain from inducing Plaintiff to accept the supervisor position by misrepresenting the position's terms. That duty is imposed by Michigan tort law, and it is unnecessary to interpret any ERISA plan to determine that the duty exists. *See McMurtry v. Wiseman*, 445 F. Supp. 2d 756, 767 (W.D. Ky. 2006) ("The legal duty not to misrepresent the plan did not arise from the plan itself, but from an independent source of law; state tort law within Tennessee."). Because Plaintiffs' claims are premised on an independent legal duty, they are not preempted by § 1132.

7

**B.      29 U.S.C. § 1144**

29 U.S.C. § 1144 preempts state-law tort claims insofar as they "relate to" ERISA plans. *Thurman*, 484 F.3d at 861. Section 1144 "clearly preempts" state-law claims that "(1) mandate employee benefit structures or their administration; (2) provide alternate enforcement mechanisms; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." *Id.* (quoting *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.,* 399 F.3d 692, 698 (6th Cir.2005)) (internal quotation marks omitted). If a claim does not fall into any of these three categories, the court must focus on whether the remedy requested is primarily plan-related. *Id.*

The parties focus on the second step of the *Thurman* inquiry: the nature of Plaintiff's requested remedies. In *Thurman*, the plaintiff alleged that the defendant's misrepresentations induced the plaintiff to leave his former employer and accept employment with the defendant. 484 F.3d at 858. The Sixth Circuit held that the plaintiff's misrepresentation claims were not preempted insofar as he sought "reliance damages," or "that which he relinquished when he left his former employer." *Id.* at 862-64. Here, Plaintiff points out that he relinquished benefits under the Driver Plan when he was induced to transfer from the driver position to the supervisor position.

8

Plaintiff argues that his claim for the value of the lost benefits under the Driver Plan is a claim for "reliance damages" and therefore not preempted under *Thurman*.

Defendants, on the other hand, analogize this case to *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444 (6th Cir. 2003). In *Marks*, the plaintiff's former company was acquired by the defendant. 342 F.3d at 449. The plaintiff alleged that the defendant's misrepresentations induced him to accept employment with the defendant, borrow money in order to buy stock in the defendant, and forego a severance claim under his ERISA plan. *Id.* at 449-50, 452. The Sixth Circuit held that the plaintiff's misrepresentation claims were not preempted insofar as the plaintiff alleged he was induced to accept the job, borrow the money, and buy the stocks. *Id.* at 453. However, the Sixth Circuit held that the plaintiff's claims "clearly relate[d] to ERISA" insofar as they alleged that the defendant was induced not to exercise his rights under the plan. *Id.*

The Court concludes that Plaintiff's claims are preempted under § 1144 to the extent that they seek the value of the Driver Plan benefits he relinquished.[1] None of the "reliance damages" referred to in *Thurman* arose under an ERISA plan; in holding the claim not preempted, the court referred to "decreased wages, moving expenses, and forfeited stock options." *Id.* In *Marks*, on the other hand, the plaintiff sought

---

[1] Plaintiff seems to have abandoned his request for the value of the benefits he was promised under the Supervisor Plan. *Thurman* is clear, albeit in dicta, that a claim for the promised benefits ("expectation damages") is preempted. 484 F.3d at 862.

9

recovery for a relinquished benefit under an ERISA plan: the severance claim he would have filed but for the misrepresentations. 342 F.3d at 449-50, 452. The Sixth Circuit held that this claim was preempted. *Id.* at 453. Thus, *Marks* suggests that even claims for "reliance damages" are preempted if the forfeited benefits arose under an ERISA plan. *Thurman* did not explicitly suggest otherwise. Plaintiff asserts that after *Thurman* remanded the "reliance damages" claim to the district court, it became clear that plaintiff's relinquished benefits included participation in an ERISA plan. However, since there is no indication that the *Thurman* court considered this fact when delivering its holding, the Court declines to read it into the holding in a manner that conflicts with the implications of *Marks*. Thus, Plaintiff's claim for "reliance damages" is distinguishable from the claim in *Thurman* and is preempted.

In addition to his request for "reliance damages," Plaintiff asks the Court to "rescind the parties' employment agreement insofar as it relates to Plaintiff's pension entitlement." At the hearing, Plaintiff's counsel clarified that Plaintiff wants to remain a supervisor and that he is not seeking reinstatement of his participation in the Driver Plan. The *Thurman* court addressed the plaintiff's request for rescission as follows:

> Finally, Thurman also requests rescission from the plan. Like his request for reliance damages, and unlike his now-abandoned request for expectation damages, awarding Thurman this relief does not in any way depend on an interpretation of the plan. *See Lion's,* 195 F.3d at 809 (explaining that the plaintiff's prayer for relief, which would require calculation of benefits that would have been owed, "is clearly

10

> unlike *Perry*, in which the plaintiffs sought an equitable remedy (recission) and a clearly defined monetary amount (lost wages) that in no way depended on an ERISA plan for determination"). Therefore, Thurman's request for rescission through his state-law claims is not preempted.

484 F.3d at 864. *Thurman* did not address the merits of the plaintiff's claims and therefore did not hold that the plaintiff was entitled to rescind his employment contract with respect to plan participation while otherwise affirming it. The court merely held that the plaintiff's request for this relief was not preempted by ERISA. Defendants have identified no grounds for distinguishing *Thurman* on this narrow point. The Court therefore holds that Plaintiff's claims are not preempted to the extent that Plaintiff seeks rescission from participation in the Supervisor Plan. The Court has doubts concerning the availability of this relief, but since the parties have not briefed the issue, the Court will not decide it on this motion. Instead, the Court will deny dismissal on this claim for relief without prejudice; Defendants may file a renewed motion to address dismissal of Plaintiff's claims for rescission.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion to Dismiss [18] is **GRANTED** as to all counts, except the claims for rescission, on which it is **DENIED WITHOUT PREJUDICE**. Plaintiff's causes of action are not dismissed, but ERISA precludes Plaintiff from seeking any of his requested remedies except rescission from

11

participation in the Supervisor Plan. Defendants may file a renewed motion to dismiss Plaintiff's claims for rescission.

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: May 8, 2015 | Senior United States District Judge |