UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY WINTER,

        Plaintiff,

v.

UNITED PARCEL SERVICE, INC.
DELAWARE and UNITED PARCEL
SERVICE, INC. OHIO,

        Defendants.

_____/

Case No. 14-10555

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MICHAEL HLUCHANIUK

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [47]; DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [48]; AND DENYING DEFENDANTS' MOTION TO DISMISS CLAIM FOR RESCISSION [49]**

    Plaintiff brings claims against Defendants for fraudulent and innocent misrepresentation, alleging that agents of Defendants induced him to accept a supervisor position by misrepresenting the retirement benefits he would receive if he accepted the position. Defendants filed a Motion to Dismiss [Dkt. #18] on May 15, 2014. On June 19, 2014, Plaintiff filed a Response [34], to which Defendants filed a Reply [36] on June 23, 2014. With the Court's permission, Plaintiff filed a Supplemental Response [42] on February 26, 2015. After a hearing on March 30, 2015, the Court took the motion under advisement. On May 8, 2015, the Court

1

issued an Order [45] granting Defendants' motion to dismiss Plaintiff's claims, with the exception of his claim for rescission. On May 21, 2015, Plaintiff filed a Motion for Reconsideration [47]. On May 22, 2015, Defendants filed their own Motion for Reconsideration [48], along with a Motion to Dismiss Claim for Rescission [49].

For the reasons stated below, Plaintiff's Motion for Reconsideration [47] is **GRANTED**. The Court reverses its prior holding that Plaintiff's claim for reliance damages is preempted by the Employee Retirement Income Security Act (ERISA). Defendants' Motion for Reconsideration [48] is **DENIED**. Defendants' Motion to Dismiss Claim for Rescission [49] is **DENIED**.

## FACTUAL BACKGROUND

Plaintiff's allegations, assumed true for the purposes of ruling on Defendants' motion to dismiss, are as follows. Plaintiff works for Defendant UPS Delaware and/or Defendant UPS Ohio. Plaintiff initially worked as a driver for many years and received benefits under an ERISA plan called the UPS/IBT Full-Time Pension Plan (the Driver Plan). In February 2008, several UPS managers approached Plaintiff and offered him a supervisor position. The managers told Plaintiff that as a supervisor, he would receive a more generous pension under the UPS Retirement Plan (the Supervisor Plan). One of the managers told Plaintiff that because Plaintiff had been hired before 2008, he would be eligible to have his

retirement benefits calculated with the Final Average Compensation (FAC) formula. Relying on the managers' representations, Plaintiff accepted the supervisor position. The change in position resulted in a pay cut and higher out-of-pocket medical expenses.

When Plaintiff was working as a supervisor, UPS told him that he was actually ineligible to have his benefits calculated under the FAC formula because he had not been made a supervisor before 2008. Plaintiff's benefits have been calculated under the Portable Account Formula (PAF) instead. Plaintiff's retirement benefits under the PAF formula are lower than they would have been under the FAC formula or under the Driver Plan.

## ANALYSIS

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

### I.     Reliance Damages

29 U.S.C. § 1144 preempts state-law tort claims insofar as they "relate to" ERISA plans. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 861 (6th Cir. 2007). The

statute "clearly preempts" state-law claims that "(1) mandate employee benefit structures or their administration; (2) provide alternate enforcement mechanisms; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." *Id.* (quoting *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.,* 399 F.3d 692, 698 (6th Cir.2005)) (internal quotation marks omitted). If a claim does not fall into any of these three categories, the court must focus on whether the remedy requested is primarily plan-related. *Id.*

In their motion for reconsideration, Defendants argue that the Court should not have applied the remedy-focused approach used by the Sixth Circuit in *Thurman*. The plaintiff in *Thurman* alleged that the defendant's misrepresentations induced the plaintiff to leave his former employer and accept employment with the defendant. *Id.* at 858. Defendants emphasize that the misrepresentations in *Thurman* occurred before the plaintiff was employed by the defendants, whereas in this case, Plaintiff was already employed by Defendants when they allegedly misrepresented the benefits of the supervisor position. Defendants argue that this distinction renders *Thurman*'s remedy-focused approach inapplicable. Defendants distinguished *Thurman* on this basis in their original briefing on their motion to dismiss. The Court remains unpersuaded that the distinction is relevant, and therefore denies Defendants' motion for reconsideration. *See* E.D. MICH. LOCAL

RULE 7.1(h)(3) ("Generally … the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.").

In his own motion for reconsideration, Plaintiff accepts the applicability of *Thurman*'s remedy-focused approach, but argues that the Court erred in applying it to his factual allegations. In *Thurman*, the Sixth Circuit held the plaintiff's misrepresentation claims not preempted insofar as he sought "reliance damages," or "that which he relinquished when he left his former employer." 484 F.3d at 862-64. Here, Plaintiff alleges that he relinquished various benefits, including retirement benefits under the Driver Plan, when he transferred from the driver position to the supervisor position. In its prior Order, the Court distinguished Plaintiff's claim for "reliance damages" from the claim in *Thurman* on the grounds that Plaintiff seeks relinquished benefits that arose under an ERISA plan—specifically, the retirement benefits he would have received under the Driver Plan. The Court held Plaintiff's claims preempted by ERISA to the extent he seeks reliance damages.

Plaintiff argues that in focusing on his relinquished benefits under the Driver Plan, the Court overlooked his claim for relinquished benefits unrelated to an ERISA plan, including higher wages and better medical benefits. In *Thurman*, the Sixth Circuit specified that the plaintiff's misrepresentation claims for forfeited

wages (along with moving expenses and forfeited stock options) were not preempted. *Id.* at 862. Thus, to the extent that Plaintiff seeks to recover forfeited wages and other relinquished benefits that did not arise under an ERISA plan, his claims are not preempted. The Court reconsiders its prior Order to the extent that it overlooked these allegations.

The Court also reconsiders its holding that Plaintiff's claims are preempted to the extent that he seeks to recover the value of relinquished benefits under the Driver Plan. Plaintiff challenges the Court's reliance on *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444 (6th Cir. 2003). He emphasizes that in *Marks*, as in other cases, the Sixth Circuit stated that a state-law claim is not preempted by ERISA if its "reference to plan benefits [is] only a way to articulate 'specific, ascertainable damages.'" 342 F.3d at 454–53 (quoting *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 615 (6th Cir. 2001)). The *Marks* court held a breach of contract claim not preempted, even though it sought "damages equaling the benefits he would have received under [a] plan" but for the breach, because the claim referred to plan benefits only to ascertan damages. *Id.* The *Thurman* court cited *Marks* on this point. 484 F.3d at 862 (citing *Marks*, 342 F.3d at 452). The court distinguished misrepresentation claims referring to plan benefits only to ascertain damages, which are not preempted, from those "necessarily requir[ing] evaluation of the plan and the parties' performance pursuant to it," which are

preempted. *Id.* (quoting *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 702 (6th Cir. 2005)).

It does not appear that Plaintiff's misrepresentation claims necessarily require evaluation of any ERISA plan or the parties' performance under it. Instead, Plaintiff's misrepresentation claims seem analogous to the breach of contract claim in *Marks*, which was held to refer to an ERISA plan only to ascertain damages. Accordingly, the Court reconsiders its prior holding that Plaintiff's claim for damages equaling the benefits he would have received under the Driver Plan is preempted by ERISA. Plaintiff's claims are not preempted by ERISA to the extent he seeks to recover the value of benefits relinquished in reliance on Defendants' alleged misrepresentations, including (but not limited to) the value of lost benefits under the Driver Plan.

## II. Rescission

In its prior Order, the Court held Plaintiff's claims not preempted by ERISA to the extent that Plaintiff seeks rescission. The Court authorized Defendants, however, to file a motion to dismiss addressing whether rescission is available as a remedy on Plaintiff's misrepresentation claims. Defendants have done so.

Plaintiff's Amended Complaint asks the Court to "rescind the parties' employment agreement insofar as it relates to Plaintiff's pension entitlement and participation in the PAF Plan." In his Response to Defendants' Motion to Dismiss,

however, Plaintiff asserts that he is not seeking even partial rescission of the employment agreement, since the employment agreement did not include the terms he seeks to rescind. Plaintiff has not moved to amend the Amended Complaint. The Court will therefore address only the relief requested therein: partial rescission of the parties' employment agreement to remove his "pension entitlement and participation in the PAF Plan."

The parties agree that partial rescission is generally unavailable under Michigan law. *See, e.g.*, *Viacom Outdoor, Inc. v. Bratt*, No. 265044, 2007 WL 397152, at *1 (Mich. Ct. App. Feb. 6, 2007) (citing *Blumrosen v. Silver Flame Industries*, 334 Mich. 441, 445-446 (Mich. 1952)). Plaintiff argues, however, that his request for partial rescission falls under an exception applicable to divisible contracts. *Id.* He also cites authority for the proposition that partial rescission of even an indivisible contract may be allowed where necessary, on the particular facts of the case, to achieve a just result. *E.g.*, 17 Am. Jur. 2d *Contracts* § 533 ("[E]ven aside from rights of partial rescission in cases of actual severability … a right of partial rescission may sometimes be upheld, simply because under the peculiar circumstances it is essential to a just result.").

Under Michigan law, the contracting parties' intent is the primary consideration in determining whether contractual provisions are divisible. *Viacom Outdoor*, 2007 WL 397152 at *1 (citing *Professional Rehabilitation Assoc. v. State*

*Farm Mut. Automobile Ins. Co*., 228 Mich. App 167, 174 (Mich. Ct. App. 1998)). Since intent is a factual issue, the Court declines to hold the parties' employment agreement indivisible, and thus immune to partial rescission, on a motion to dismiss. Factual development may also determine whether equity justifies partial rescission even if the contract is indivisible.

Defendants argue that Plaintiff's claim for rescission must be dismissed because he has not tendered the benefits he has received under the contract (or portions thereof) to be rescinded. However, Plaintiff seeks only to rescind the portion of his employment agreement concerning his pension entitlement, and it is undisputed that Plaintiff has not retired and thus has not yet received any benefits contemplated under that provision. Moreover, tender of benefits under the provisions to be rescinded is not a condition precedent to a claim for rescission. *Barke v. Grand Mobile Homes Sales, Inc*., 6 Mich. App. 386, 392–93 (Mich. Ct. App. 1967); 11 Mich. Pleadings & Practice § 85:22 (2d ed.).

Defendants also raise the defense of laches, arguing that Plaintiff's claim for rescission must be dismissed because Plaintiff failed to assert it seasonably. However, "whether a recission was within a reasonable time is a fact question to be decided by a jury (or the trier of the fact) in view of all the facts and circumstances." *Cole Lakes, Inc. v. Linder*, 99 Mich. App. 496, 508 (Mich. Ct. App. 1980). Further, given the equitable nature of the defense, it may be rejected

where the plaintiff's delay in seeking rescission has not prejudiced the defendants. *See Gyles v. Stadel*, 252 Mich. 349, 352 (Mich. 1930). Defendants have not even claimed to be prejudiced. The Court therefore declines to dismiss the rescission claim under the doctrine of laches.

In sum, Defendants' Motion to Dismiss Claim for Rescission [49] is denied.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [47] is **GRANTED**. The Court reverses its prior holding that Plaintiff's claims are preempted by ERISA to the extent they seek reliance damages.

**IT IS FURTHER ORDERED** that Defendants' Motion for Reconsideration [48] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Claim for Rescission [49] is **DENIED**.

**SO ORDERED**.

Dated: December 10, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge